**VIRGINIA:**
**IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD**

**IEMME NORWOOD**
224 Lee Ave
Colonial Heights, Virginia 23834
Telephone: (757) 880-8700

Plaintiff,

v.

**KROGER LIMITED PARTNERSHIP I**
d/b/a KROGER
12726 Route 1
Chester, Virginia 23831

Serve through registered agent:
Corporation Service Company
100 Shockoe Slip, Floor 2
Richmond, Virginia 23219-4100

Defendant.

Civil Action No. CL26-6464

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED & FILED
CHESTERFIELD CIRCUIT COURT
AMANDA L. POHL, CLERK

JUN 2 2 2026

TESTE:

☐ CLERK  ☐ DEPUTY CLERK

**COMPLAINT**

COMES NOW Plaintiff Iemme Norwood ("Plaintiff"), pro se, and files this Complaint against Defendant Kroger Limited Partnership I d/b/a Kroger ("Kroger" or "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action arising from Kroger's denial of full and equal access to a disabled customer who uses a trained service dog to alert her before fainting episodes and heart-related medical events.

2. Plaintiff has heart issues and related fainting risk. Plaintiff's approximately three-pound Pomeranian is trained to warn Plaintiff approximately fifteen (15) minutes before Plaintiff is about to faint, allowing Plaintiff to sit, obtain assistance, avoid injury, and protect her health and safety.

Page 1

**EXHIBIT**

1
_____

3. Kroger employees and managers refused, restricted, harassed, photographed, intimidated, threatened, and deterred Plaintiff because she entered and attempted to use Kroger's public grocery store with her service dog.

4. Kroger demanded or threatened to require medical paperwork for the service dog, threatened Plaintiff with arrest if she returned without paperwork, followed or confronted Plaintiff after police instructed that she be left alone, and later conditioned Plaintiff's return to the store on whether Kroger believed she would "behave."

5. Plaintiff seeks declaratory relief, injunctive relief, damages in the amount of Fifty Thousand Dollars ($50,000.00), costs, attorney's fees where allowed by law, punitive damages where allowed by law, and all other relief the Court deems just and proper.

## PARTIES

6. Plaintiff Iemme Norwood is an adult resident of Colonial Heights, Virginia, residing at 224 Lee Ave, Colonial Heights, Virginia 23834.

7. Plaintiff is a person with a disability within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102, the ADA Title III public-accommodation provisions, the Virginia Human Rights Act, and Virginia laws protecting persons with disabilities and service-dog users.

8. Plaintiff uses a trained service dog because of her disability and medical condition. The service dog performs work or tasks directly related to Plaintiff's disability, including alerting Plaintiff before fainting or related medical episodes.

9. Defendant Kroger Limited Partnership I d/b/a Kroger is a business entity operating Kroger grocery stores in Virginia, including the Kroger store located at 12726 Route 1, Chester, Virginia 23831 (the "Chester Kroger").

10. At all relevant times, Kroger owned, leased, operated, managed, controlled, supervised, staffed, and/or was responsible for the Chester Kroger and its employees, managers, agents, investigators, policies, practices, procedures, and customer-access decisions.

11. Defendant may be served with process through its registered agent, Corporation Service Company, 100 Shockoe Slip, Floor 2, Richmond, Virginia 23219-4100.

12. At all relevant times, Kroger's employees, managers, investigators, and agents acted within the course and scope of their employment, agency, apparent authority, and/or duties for Kroger. Kroger is liable for their acts and omissions under agency principles and respondeat superior.

## JURISDICTION AND VENUE

13. This Court has subject-matter jurisdiction over this civil action pursuant to Va. Code § 17.1-513 because this is a civil action for damages, declaratory relief, injunctive relief, and related relief within the original and general jurisdiction of the circuit court.

14. This Court has jurisdiction to hear claims arising under Virginia law and may hear Plaintiff's ADA Title III claims and related claims because the claims arise from the same events, transactions, and occurrences.

15. Venue is proper in the Circuit Court for the County of Chesterfield pursuant to Va. Code § 8.01-262 because the conduct, denials, threats, harassment, and injuries occurred at the Kroger store located at 12726 Route 1, Chester, Virginia, within Chesterfield County, and because Kroger regularly conducts business there.

16. Plaintiff demands a trial by jury on all issues so triable.

## FACTUAL ALLEGATIONS

17. In or about November 2025, Plaintiff went to the Chester Kroger with her trained service dog.

18. Plaintiff's service dog is small, approximately three pounds, and is trained to alert Plaintiff before Plaintiff faints or experiences a medical event related to her heart condition.

19. The dog's alert gives Plaintiff approximately fifteen (15) minutes of advance warning, which is critical because it allows Plaintiff to stop walking, sit down, call for help, avoid falling, and avoid injury or serious medical harm.

20. During the first incident, when Plaintiff was approximately twenty (20) feet from the exit, a front-end Kroger employee stopped Plaintiff and asked if Plaintiff was leaving.

21. Kroger then told Plaintiff that she could not come into Kroger with her dog, despite the dog being a trained service dog used because of Plaintiff's disability.

22. Plaintiff exited the store area and went to the median/near the exterior area of the premises. Plaintiff then called Kroger corporate to report the denial and the service-animal discrimination.

23. Two Kroger managers then came up to Plaintiff, including a manager identified as Chris, a white male with one arm, and another manager described as a Black male. Plaintiff alleges that Kroger knows or can identify these managers by its store schedule, incident records, video, and corporate-investigation records.

24. The managers stated that Kroger did not have restrictions barring Plaintiff from entering with the service dog.

25. While Plaintiff was dealing with the managers, two female Kroger employees and a bag boy began taking pictures of Plaintiff without Plaintiff's consent.

26. Plaintiff objected to being photographed and told the managers that Kroger employees were taking her picture.

27. The photographing caused Plaintiff humiliation, fear, and distress because Plaintiff was being singled out, documented, and treated as a problem customer for asserting her disability-related right to use a service dog.

28. Plaintiff called the police. Police officers came to the scene. According to Plaintiff's recollection, the police confiscated or examined the employees' phones and required the employees to delete pictures of Plaintiff.

29. The next day, Plaintiff called Kroger management again to address what happened and to confirm that she could return with her service dog.

30. A Kroger manager told Plaintiff that Plaintiff must have medical paperwork for the dog or Plaintiff would be arrested.

31. Kroger's demand for medical paperwork and threat of arrest were unlawful, intimidating, discriminatory, and contrary to ADA service-animal rules.

32. Plaintiff then called the non-emergency police line. Plaintiff was called back and was advised, in substance, that in Virginia a business may not require medical paperwork for a service dog and may only make limited service-animal inquiries consistent with law.

33. Plaintiff was told by non-emergency police, in substance, that she could go back to the store.

34. The next day, Plaintiff returned to the Chester Kroger with her caregiver.

35. Plaintiff entered and stood near the front of the store. Plaintiff did not threaten anyone, did not create a disturbance, and did not cause a safety issue.

36. A Kroger manager told Plaintiff, in substance, that "your kind is not allowed here."

37. Plaintiff understood this statement as a discriminatory statement directed at Plaintiff because of her disability, service-dog use, and/or protected status as a disabled customer seeking access to a public grocery store.

38. Other Kroger employees could be heard saying, in substance, that they did not want Plaintiff there.

39. Kroger employees and managers followed, watched, confronted, discouraged, and harassed Plaintiff even after police involvement and after Kroger had been placed on notice that Plaintiff was asserting service-animal rights.

40. Kroger had no lawful basis to exclude Plaintiff's service dog. The service dog was not out of control, was not unhousebroken, and did not pose a direct threat to the health or safety of others.

41. Kroger had no lawful basis to demand medical records, disability paperwork, certification paperwork, or service-dog registration paperwork as a condition of Plaintiff entering the grocery store with her service dog.

42. Kroger had no lawful basis to threaten Plaintiff with arrest for returning to a place of public accommodation with her service dog.

43. Plaintiff later spoke with a Kroger investigator. The Kroger investigator told Plaintiff, in substance, that Plaintiff could come back to Kroger if she "behaves" herself.

44. The investigator's statement was retaliatory and discriminatory because it treated Plaintiff's assertion of service-animal rights, complaints to corporate, and request for equal access as misconduct or misbehavior.

45. Plaintiff remains deterred from shopping at the Chester Kroger because Kroger threatened arrest, demanded paperwork, allowed employees to photograph and harass her, and conditioned her return on whether Kroger subjectively believes she is behaving.

46. Plaintiff desires to return to the Chester Kroger for groceries and ordinary goods and services, but reasonably fears further discrimination, harassment, photography, police involvement, denial of access, and medical danger if she is again forced to leave or shop without her service dog.

47. Kroger's conduct caused Plaintiff humiliation, embarrassment, anxiety, fear, emotional distress, physical stress, loss of equal access, deterrence from returning, interruption of shopping, loss of dignity, and other damages.

48. Kroger's conduct was willful, wanton, reckless, discriminatory, and done with knowledge or reckless disregard of Plaintiff's protected rights after Plaintiff complained and after police and corporate notice placed Kroger on notice of the service-animal issue.

49. All conditions precedent to Plaintiff's claims have occurred, have been performed, have been waived, have been excused, or are not required. To the extent Kroger contends any statutory notice, administrative charge, or right-to-sue prerequisite applies to any Virginia statutory claim, Plaintiff pleads such claim in the alternative, requests leave to amend upon issuance of any required notice, and proceeds independently on the claims not subject to that prerequisite.

## COUNT I
### Violation of Title III of the Americans with Disabilities Act
### 42 U.S.C. §§ 12181-12189; 28 C.F.R. Part 36

50. Plaintiff incorporates paragraphs 1 through 49 as if fully set forth herein.

51. Kroger is a place of public accommodation within the meaning of Title III of the ADA, including 42 U.S.C. § 12181(7)(E), because it is a grocery store, sales establishment, and business open to the public.

52. Plaintiff is a person with a disability within the meaning of the ADA.

53. Plaintiff's dog is a service animal within the meaning of 28 C.F.R. § 36.104 and § 36.302(c) because the dog is trained to do work or perform tasks for Plaintiff's benefit that are directly related to Plaintiff's disability, including alerting Plaintiff before fainting or a heart-related medical event.

54. Under 42 U.S.C. § 12182(a), Kroger may not discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of Kroger's goods, services, facilities, privileges, advantages, or accommodations.

55. Under 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. § 36.302(c), Kroger was required to make reasonable modifications to any "no animals" or customer-access policy to permit Plaintiff to be accompanied by her service dog in all areas where customers are normally permitted to go.

56. Under 28 C.F.R. § 36.302(c)(6), Kroger was not permitted to ask about the nature or extent of Plaintiff's disability, require medical documentation, require proof of certification, require training paperwork, require licensing paperwork as proof of service-animal status, or require the dog to demonstrate its task.

57. Kroger violated the ADA by excluding, attempting to exclude, threatening, intimidating, and deterring Plaintiff from the store because of her service dog.

58. Kroger violated the ADA by demanding or threatening to demand medical paperwork and by threatening Plaintiff with arrest if she returned without paperwork.

59. Kroger violated the ADA by subjecting Plaintiff to unequal treatment, hostile comments, surveillance, photography, and conditions not imposed on non-disabled customers.

60. Kroger's conduct was not justified by any legitimate safety concern, direct threat, fundamental alteration, out-of-control animal, or housebreaking issue.

61. As a direct and proximate result, Plaintiff was denied full and equal access and remains deterred from returning.

62. Plaintiff is entitled to declaratory relief, injunctive relief, policy changes, employee training, preservation of evidence, costs, attorney's fees if applicable, and all relief available under 42 U.S.C. § 12188 and 28 C.F.R. Part 36.

## COUNT II
### ADA Retaliation, Coercion, Intimidation, Threats, and Interference
### 42 U.S.C. § 12203

63. Plaintiff incorporates paragraphs 1 through 62 as if fully set forth herein.

64. Plaintiff engaged in protected activity by asserting her right to enter and use Kroger with her service dog, complaining to Kroger corporate, seeking police assistance, and objecting to Kroger's unlawful denial, paperwork demand, threats, photography, and harassment.

65. Under 42 U.S.C. § 12203(a), Kroger may not discriminate against Plaintiff because Plaintiff opposed acts or practices made unlawful by the ADA.

66. Under 42 U.S.C. § 12203(b), Kroger may not coerce, intimidate, threaten, or interfere with Plaintiff in the exercise or enjoyment of rights protected by the ADA.

67. Kroger retaliated against, intimidated, threatened, and interfered with Plaintiff by threatening arrest, allowing employees to photograph and target her, making hostile statements, telling her that "your kind" was not allowed, continuing to follow or harass

her after police involvement, and later stating that she could return only if she "behaves" herself.

68. Kroger's conduct would deter a reasonable disabled customer from asserting service-animal rights and returning to the public accommodation.

69. Plaintiff suffered loss of equal access, deterrence, humiliation, fear, emotional distress, and other injuries as a direct and proximate result of Kroger's retaliatory, coercive, intimidating, threatening, and interfering conduct.

70. Plaintiff is entitled to all remedies available under 42 U.S.C. § 12203(c), including the remedies and procedures applicable to ADA Title III violations under 42 U.S.C. § 12188.

## COUNT III
### Virginia Rights of Persons with Disabilities in Public Accommodations
### Va. Code §§ 51.5-40.1, 51.5-44, and 51.5-46

71. Plaintiff incorporates paragraphs 1 through 70 as if fully set forth herein.

72. Plaintiff is a mobility-impaired or otherwise disabled person within the meaning of Va. Code §§ 51.5-40.1 and 51.5-44.

73. Plaintiff's dog is trained to do work or perform tasks for Plaintiff's benefit, and the work or tasks are directly related to Plaintiff's disability or disorder, within the meaning of Va. Code § 51.5-40.1.

74. Va. Code § 51.5-44 gives persons with disabilities the same rights as other persons to the full and free use of public places and full and equal accommodations, advantages, facilities, and privileges of places of public accommodation to which the general public is invited.

75. Kroger violated Va. Code § 51.5-44 by denying, attempting to deny, restricting, intimidating, and interfering with Plaintiff's full and equal access to the Chester Kroger because Plaintiff was accompanied by her trained service dog.

76. Kroger violated Va. Code § 51.5-44 by treating Plaintiff differently than non-disabled customers, requiring or threatening to require medical paperwork, threatening arrest, and using employee conduct that humiliated, deterred, and discouraged Plaintiff from using the place of public accommodation.

77. Kroger's conduct abridged Plaintiff's statutory rights and caused compensable damages, out-of-pocket losses, deterrence, and other legally cognizable harm.

78. Plaintiff seeks injunctive relief, affirmative equitable relief, compensatory damages allowed by Va. Code § 51.5-46, reasonable attorney's fees where applicable, costs, and all relief permitted by law. Plaintiff does not seek pain-and-suffering damages or punitive damages under this Count to the extent Va. Code § 51.5-46 bars those categories for this statutory claim.

## COUNT IV
### Virginia Human Rights Act - Public Accommodation Disability Discrimination
### Va. Code §§ 2.2-3904, 2.2-3907, and 2.2-3908

79. Plaintiff incorporates paragraphs 1 through 78 as if fully set forth herein.

80. Kroger is a place of public accommodation within the meaning of Va. Code § 2.2-3904 because it is a business offering or holding out goods, services, privileges, facilities, advantages, or accommodations to the general public.

81. Va. Code § 2.2-3904 makes it an unlawful discriminatory practice for a person, including an owner, lessee, proprietor, manager, superintendent, agent, or employee of a place of public accommodation, to refuse, withhold from, deny, attempt to deny, segregate, or

discriminate against a person in the use of public-accommodation goods, services, advantages, facilities, or privileges on the basis of disability.

82. Kroger, through its managers, employees, agents, and investigator, refused, withheld, denied, attempted to deny, segregated, and discriminated against Plaintiff in the use and enjoyment of Kroger's public-accommodation goods, services, facilities, advantages, and privileges because of Plaintiff's disability and use of a service dog.

83. Kroger's conduct includes denying or attempting to deny entry, requiring or threatening to require medical paperwork, threatening arrest, allowing employees to photograph and target Plaintiff, making the statement that "your kind" was not allowed, and conditioning Plaintiff's return on her "behaving" after she asserted disability rights.

84. Plaintiff pleads this Count under Va. Code §§ 2.2-3904 and 2.2-3908 to the extent Plaintiff has received, timely receives, or is not required to receive a notice of right to file a civil action from the Office of Civil Rights or another authorized agency. Plaintiff requests leave to amend to attach or plead any notice of right to sue if Kroger contests this prerequisite.

85. Plaintiff seeks compensatory damages, punitive damages where allowed, injunctive relief, temporary and permanent relief, costs, attorney's fees where allowed, and all relief authorized by Va. Code § 2.2-3908 and other applicable law.

## COUNT V
### Intentional Infliction of Emotional Distress

86. Plaintiff incorporates paragraphs 1 through 85 as if fully set forth herein.

87. Kroger's conduct was intentional or reckless.

88. Kroger knew Plaintiff was asserting disability and service-animal rights and knew, or reasonably should have known, that threatening arrest, demanding medical paperwork,

photographing Plaintiff, telling Plaintiff "your kind is not allowed here," allowing employees to state that Plaintiff was not wanted, and conditioning Plaintiff's return on "behaving" would cause severe emotional distress to a disabled customer with heart issues and fainting risk.

89. Kroger's conduct was outrageous and intolerable because it targeted a disabled customer's medical-alert service dog, threatened criminal consequences for exercising public-accommodation rights, humiliated Plaintiff in public, and continued after Kroger received notice from Plaintiff, corporate contact, and police involvement.

90. Kroger's conduct caused Plaintiff severe emotional distress, humiliation, fear, anxiety, stress, loss of dignity, deterrence from necessary grocery shopping, and other injuries.

91. Plaintiff is entitled to compensatory damages and, because the conduct was willful, wanton, malicious, or in reckless disregard of Plaintiff's rights, punitive damages to the extent permitted by Virginia law.

## COUNT VI
### Unauthorized Use, Publication, Retention, or Exploitation of Plaintiff's Picture
### Va. Code § 8.01-40

92. Plaintiff incorporates paragraphs 1 through 91 as if fully set forth herein.

93. Kroger employees took photographs of Plaintiff without her consent while Plaintiff was asserting disability-related access rights and objecting to Kroger's treatment.

94. Plaintiff did not give Kroger, its employees, its managers, its investigator, or any agent permission to photograph, publish, retain, share, circulate, display, or use her name, portrait, or picture.

95. Upon information and belief, Kroger employees took or attempted to use Plaintiff's image for a store, business, security, exclusion, customer-monitoring, trade, or other commercial

purpose connected to Kroger's operation of the store and its treatment of Plaintiff as an unwanted customer.

96. To the extent discovery shows that Kroger used, published, retained, circulated, displayed, or exploited Plaintiff's picture for advertising purposes, purposes of trade, security/customer-exclusion purposes connected to store operations, or any other purpose covered by Va. Code § 8.01-40, Kroger violated Va. Code § 8.01-40.

97. Plaintiff seeks injunctive relief prohibiting use or dissemination of any image of Plaintiff, an order requiring preservation and production of all such images and related records, damages, punitive damages for willful conduct if proven and allowed, costs, and all other relief available under Va. Code § 8.01-40 and other law.

## COUNT VII
### Negligence Per Se / Common-Law Negligence

98. Plaintiff incorporates paragraphs 1 through 97 as if fully set forth herein.

99. Plaintiff belongs to the class of persons protected by the ADA, Va. Code § 51.5-44, Va. Code § 2.2-3904, and related public-accommodation disability statutes and regulations.

100.     The purpose of these laws is to protect disabled persons and service-dog users from denial of public accommodations, humiliation, unequal treatment, deterrence, intimidation, and exclusion from places open to the public.

101.     Kroger owed Plaintiff duties to exercise reasonable care in operating its public grocery store, managing its employees, enforcing lawful customer-access policies, responding to disability accommodation issues, refraining from threats of unlawful arrest, and preventing employees from targeting, photographing, harassing, or deterring disabled customers asserting service-animal rights.

102.     Kroger breached these duties by failing to maintain and enforce lawful service-animal policies, failing to correct employees and managers after Plaintiff complained, threatening arrest for lack of medical paperwork, allowing Plaintiff to be photographed and targeted, and allowing or ratifying discriminatory statements and conduct.

103.     Kroger's violations of statutory duties constitute negligence per se or evidence of negligence.

104.     Kroger's negligence and negligence per se proximately caused Plaintiff injury, including loss of access, humiliation, emotional distress, deterrence, physical stress, fear of medical harm, and other damages.

105.     Plaintiff seeks compensatory damages in the amount of Fifty Thousand Dollars ($50,000.00), costs, interest, and all other relief permitted by law.

## COUNT VIII
### Declaratory and Injunctive Relief

106.     Plaintiff incorporates paragraphs 1 through 105 as if fully set forth herein.

107.     An actual controversy exists between Plaintiff and Kroger concerning Plaintiff's right to access the Chester Kroger with her service dog without being denied entry, threatened with arrest, required to produce medical paperwork, photographed, followed, harassed, or subjected to discriminatory conditions.

108.     Plaintiff has a real and immediate need for injunctive relief because she desires to return to the Chester Kroger for groceries and other goods and services, but Kroger's past conduct and continuing position have reasonably deterred her from returning.

109.     Plaintiff requests an order declaring that Kroger violated Plaintiff's rights and requiring Kroger to:

a. Permit Plaintiff to enter and shop at the Chester Kroger with her trained service dog in all customer areas where the public is allowed;

b. Stop demanding medical documentation, service-dog certification, training paperwork, special identification, or proof of disability from Plaintiff as a condition of entry;

c. Limit any service-animal inquiries to those permitted by law;

d. Train store managers, front-end employees, security personnel, baggers, and customer-facing employees on ADA and Virginia service-animal requirements;

e. Adopt, publish, and enforce a written service-animal policy consistent with the ADA and Virginia law;

f. Prohibit Kroger employees from photographing, following, threatening, harassing, mocking, or targeting Plaintiff because of her disability or service-dog use;

g. Preserve all surveillance footage, incident reports, corporate complaint records, investigator notes, employee schedules, phone records, photographs, communications, and documents related to Plaintiff and the November 2025 incidents; and

h. Provide any other affirmative relief necessary to prevent future discrimination and retaliation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Iemme Norwood respectfully requests that this Court enter judgment in her favor and against Defendant Kroger as follows:

A. Award Plaintiff damages in the amount of Fifty Thousand Dollars ($50,000.00), or such amount as the evidence proves and the Court or jury determines is proper;

B.  Declare that Kroger violated Plaintiff's rights under the ADA, Virginia disability-access law, and other applicable law;

C.  Enter temporary and permanent injunctive relief requiring Kroger to permit Plaintiff to shop with her service dog and prohibiting further discrimination, threats, intimidation, retaliation, photography, and harassment;

D.  Require Kroger to adopt and enforce lawful service-animal policies and train its employees and managers;

E.  Order Kroger to preserve and produce all relevant video, photographs, incident reports, employee schedules, internal communications, corporate complaint records, investigator notes, and related evidence;

F.  Award compensatory damages, statutory damages where allowed, punitive damages where allowed, pre-judgment and post-judgment interest, costs, and attorney's fees where authorized by law;

G.  Award such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**IEMME NORWOOD**
Plaintiff, Pro Se

/s/ Iemme Norwood
Iemme Norwood
224 Lee Ave
Colonial Heights, Virginia 23834
Telephone: (757) 880-8700

## VERIFICATION

I, Iemme Norwood, verify under oath that I am the Plaintiff in this action, that I have read

the foregoing Complaint, and that the factual allegations are true and correct to the best of my

knowledge, information, and belief.


Date: _____

_____
Iemme Norwood